UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. 2:24-cv-1776-CKD |
| Plaintiff, | |
| v. | ORDER AND |
| JOSEPH GOCKE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a county prisoner proceeding without an attorney in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. **Allegations in the Complaint**

In a rather convoluted pleading, plaintiff raises claims for retaliation, excessive force, battery, kidnapping, rape, torture, conspiracy, extortion, and deliberate indifference while a

2

pretrial detainee at the Monroe Detention Center.  ECF No. 1.  The facts supporting each of these claims is not clear from the complaint because plaintiff weaves in events that apparently occurred while he was at "Silver Creek High [School], Leyva Middle School, and Santa Clara County Jail."  ECF No. 1 at 2.  Named as defendants in this action are Joseph Gocke, Elray Henry, Rosemary Gladden, Jah Bennett, and Officers Wenneker, Willis, and Schnider.

### III.     Analysis

Examination of the complaint and review of this court's records reveal that plaintiff's complaint contains allegations that are identical to, and therefore duplicative of, claims raised in Bennett v. Federal Bureau of Investigations, et al., No. 2:24-cv-1038-KJM-SCR (E.D. Cal.).  "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e).  Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at 1021.  Having reviewed the facts and allegations alleged in Bennett v. Federal Bureau of Investigations, et al., this court finds that this earlier filed civil action involves the same allegations against the same defendants at the Monroe Detention Center.  Based on this analysis, the undersigned recommends dismissing plaintiff's complaint as duplicative of his earlier filed action that is still pending in this court.  It is further recommended that this complaint be dismissed with prejudice.

### IV.     Plain Language Summary for Party Proceeding Without a Lawyer

Because plaintiff is acting as his own attorney in this case, the court provides the following information to explain this order in plain English. It is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they are the exact same claims filed in an earlier case that is currently pending in this same court.  The law does not allow the same claims to be raised in multiple lawsuits.  As this action was filed second, it is recommended that it be dismissed with prejudice to pursuing your claims in Bennett v. Federal Bureau of Investigations, et al., No. 2:24-cv-1038-KJM-SCR (E.D. Cal.).

If you do not agree with this recommendation, you can explain why it is not correct.

Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the file and make the final decision.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 7, 9) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The request to seal plaintiff's mental health records (ECF No. 10) is GRANTED.

4. The Clerk of Court shall file plaintiff's mental health records from the Monroe Detention Center under seal and *nunc pro tunc* to January 30, 2025 when they were electronically submitted to the court.

5. The Clerk of Court is directed to assign a district judge to this case.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be dismissed with prejudice as duplicative.

2. All pending motions (ECF Nos. 6, 8) be denied as moot.

3. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////
/////
/////
/////
/////
/////

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/benn1776.duplicative